# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

OZGUR CAN LEONARD,

    Plaintiff,

vs.

RACHEL JOY LENTZ,

    Defendant.

No. 17-CV-3037-LRR

**ORDER**

_____

## I. INTRODUCTION

The matter before the court is Defendant Rachel Joy Lentz's Motion in Limine ("Motion") (docket no. 74).

## II. RELEVANT PROCEDURAL HISTORY

On September 22, 2017, the court set a hearing pursuant to the Hague Convention in this case for November 7, 2017. *See* September 22, 2017 Order (docket no. 62) at 1. The date of the hearing was later changed to October 18, 2017. *See* September 28, 2017 Order (docket no. 64) at 1. In the September 22, 2017 Order, the court imposed a deadline of October 10, 2017 for the filing of any motions in limine. *See* September 22, 2017 Order at 1. On October 10, 2017, Lentz filed the Motion.

Though the time to file a resistance to the Motion has not expired, and Leonard has not filed a resistance, the court finds it appropriate to consider the Motion at this time. *See* LR 7(e) ("[I]f circumstances . . . warrant, the court may elect to rule on a motion without waiting for a resistance or response."). In this case, the expedited nature of these proceedings, the truncation of the time period between the date on which the Motion was due and the hearing, the relaxed application of the Federal Rules of Evidence and the court's role in determining the facts, rather than a jury, all suggest that no prejudice will result from the court ruling on the Motion without awaiting a resistance. *See Danaipour*

*v. McLarey*, 386 F.3d 289, 296 (1st Cir. 2004) (suggesting that, in summary proceedings under the Hague Convention, strict application of the Federal Rules of Evidence is not required); *see also Demaj v. Sakaj*, No. 3:09 CV 255 (JGM), 2012 WL 965214, at *3 (D. Conn. March 21, 2012) ("[T]he Federal Rules of Evidence do apply in Hague Convention and ICARA actions, albeit in a more 'relaxed' fashion . . . ." (citations omitted)). Additionally, the court is well-versed in the application of the Federal Rules of Evidence. The court elects to rule on the Motion without waiting for a resistance. Therefore, the Motion is ready for decision.

### III. ANALYSIS

In the Motion, Lentz argues that the court should prohibit Leonard from introducing evidence or testimony regarding the following:

(1) E.M.L.'s health or her pending kidney transplant;

(2) Leonard's ability to properly care for E.M.L., despite the child's medical issues;

(3) The differing levels of care available in Turkish hospitals versus hospitals in the United States; and

(4) Any factor countering the so-called "grave risk defense" advanced by Lentz.

Brief in Support of the Motion (docket no. 74-1) at 2-6. Lentz's basis for excluding these categories of evidence is Leonard's alleged "refusal to cooperate in the most basic of discovery." *Id*. at 1. Lentz contends that she propounded interrogatories upon Leonard but Leonard "refused to provide any substantive response" to a majority of them. *Id*. Lentz argues that she has been prejudiced by Leonard's refusal to participate in the discovery process because his refusal has "precluded [Lentz] from learning about [Leonard's] basic knowledge and contentions" regarding the case. *Id*. at 2.

In particular, Lentz argues that Leonard's answers to four of her interrogatories should preclude him from introducing evidence or testimony regarding the above

2

categories. In her First Continuing Interrogatories, Lentz requested, among other things, that Leonard: "Identify each fact that supports your contention that the[re] would not be a grave risk in returning the minor children to Turkey;" "Identify each time you have taken any of the children to any medical appointments, the physician seen and the treatment rendered;" "Explain your opposition to your daughter, E.M.L., receiving treatment in the United States;" and state whether he "agree[d] that your daughter, E.M.L., needs a kidney transplant? If not, why?" Exhibit 1 to the Motion (docket no. 74-2) at 6-7. In response, Leonard generally stated that the interrogatories were improper, exceeded the scope of discovery pursuant to Federal Rule of Civil Procedure 26 and were not calculated to lead to discoverable evidence. *See* Exhibit 2 to the Motion (docket no. 74-3) at 4-7. Leonard also states the Lentz has relevant information in her possession with respect to the first two interrogatories listed above, and further contends that the third interrogatory above is argumentative and misrepresents the facts of the dispute. *Id.*

The court finds that exclusion of all testimony and evidence of the four categories included in the Motion is not warranted. To begin, the court views a motion in limine as an inappropriate vehicle to air Lentz's discovery woes. Though the court is mindful that discovery has been a shortened affair in this dispute, the Federal Rules of Civil Procedure explicitly provide a remedy for an opposing party's obstructionist discovery tactics. Federal Rule of Civil Procedure 37 provides for discovery sanctions, including the inability to present evidence on certain issues, for violation of a court order compelling discovery or violations of Federal Rules of Civil Procedure 26(a) or (e). *See* Fed. R. Civ. P. 37(b)(2)(A), (c)(1)(C). The court further notes that the Motion fails to comply with the court's September 22, 2017 Order, which states that "[a]ny motions in limine must specifically reference the rules the parties believe relate to the admissibility of the evidence." September 22, 2017 Order at 1. Nowhere in the Motion does Lentz reference any Federal Rule of Evidence or Federal Rule of Civil Procedure. Finally, the court views

the wholesale exclusion of any and all testimony and evidence pertaining to Lentz's grave risk defense, which she admits all of the evidence that the Motion seeks to exclude embraces, as unduly prejudicial to Leonard. Lentz repeatedly emphasizes the importance of the grave risk defense to the instant action. *See generally* Brief in Support of the Motion. The court views it as necessary to fully develop the record regarding the defense and, to do so, Leonard must be able to testify and present evidence regarding the same. Accordingly, the court shall deny the Motion.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 74) is **DENIED**. Leonard may present evidence and testify regarding the four categories of evidence in the Motion.

**IT IS SO ORDERED.**

**DATED** this 12th day of October, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA